```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

SHAWN MAURICE SILER-EL,           )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    1:22cv862
                                  )
DUKE ENERGY CORPORATION,          )
PIEDMONT NATURAL GAS COMPANY,     )
INC., CITY OF HIGH POINT and      )
T-MOBILE US, INC.,                )
                                  )
            Defendants.           )

## MEMORANDUM ORDER

Plaintiff Shawn Maurice Siler-El brings this pro se action as a "sovereign citizen" against Duke Energy Corporation ("Duke"), Piedmont Natural Gas Company, Inc. ("Piedmont"), City of High Point ("the City"), and T-Mobile US, Inc. ("T-Mobile") citing several bases: 28 U.S.C. § 453, 15 U.S.C. § 1692; 28 U.S.C. § 3002(15), 28 U.S.C. § 1746, 31 U.S.C. § 3123, and Article VII (which Siler-El later says should state Article III) of the U.S. Constitution. (Doc. 1 at 3.)  He alleges that each Defendant sent invoices for services and, apparently having received the benefit of such services, he now claims that the invoices should have been sent instead to the U.S. Government.  (Id. at 4.)  He claims that "[e]ach Defendant committed the same Fraud" in submitting invoices to him to "pay."  (Id.)

Defendants Duke and Piedmont have filed a motion to dismiss

(Doc. 12), to which Siler-El has filed a response, attaching all sorts of nonsensical documents purporting to be some type of self-declaration of release of claims as a sovereign citizen (Doc. 18), and Defendants have filed a reply (Doc. 25).

Defendant T-Mobile filed a motion to dismiss for lack of jurisdiction and for failure to state a claim (Doc. 15), to which Siler-El filed a response of sorts (Doc. 26).

Defendant City filed a motion to dismiss (Doc. 20), to which Siler-El filed a response (Docs. 27, 29) (setting out only the Defendants' employer identification numbers), and the City filed a reply (Doc. 28).

Siler-El has filed his own motion for summary judgment (Doc. 30), which the Magistrate Judge recommended be dismissed for failure to file a brief in violation of this court's Local Rule 7.2(a) and (j). Siler-El filed objections. (Doc. 35.)

I. ANALYSIS

Siler proceeds pro se. "A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case." Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621, at *2 (M.D.N.C. Apr. 3, 2013) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007), report and recommendation adopted sub nom. El v. Pate, No. 1:11CV1037, 2013 WL 5213428 (M.D.N.C. Sept. 16, 2013). While pleadings "should not be scrutinized with such technical nicety

2

that a meritorious claim should be defeated," Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990), or "to construct full blown claims from sentence fragments," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable," demonstrating "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556-57). "Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations 'to raise a right to relief above the speculative level' so as to 'nudge[] the[] claims across the line from conceivable to plausible.'"

3

Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ., 179 F. Supp. 3d 544, 550 (M.D.N.C. 2016) (alterations in original) (quoting Twombly, 550 U.S. at 555, 570). Mere legal conclusions are not accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Siler-El has previously filed a nearly identical action against Duke and Piedmont, which this court dismissed for failure to state a claim. Siler v. Duke Energy Corp., Case No. 1:20cv195, 2020 WL 4016056 (M.D.N.C. Jul. 16, 2020). In that case, Siler-El (then proceeding as "Shawn Maurice Siler") contended that Duke, Piedmont, and T-Mobile were liable under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Though Siler-El dismissed his claims against T-Mobile, the court held that neither Duke nor Piedmont, as a service provider seeking payment, was a debt collector under the act. That same conclusion dooms Siler-El's claims in this case. None of the Defendants is a debt collector under the FDCPA; rather, each is a creditor. To the extent Siler-El's claim relies on the FDCPA, therefore, it is dismissed.

As to his remaining claims, they are so nonsensical that the court likely lacks subject matter jurisdiction over them. Other than his claim under the FDCPA, Siler-El does not provide a basis for federal question or for diversity jurisdiction. A claim

4

invoking federal jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.,* if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)); Crosby v. City of Gastonia, 635 F.3d 634, 643 (4th Cir. 2011) (noting that a federal claim may be "so 'plainly insubstantial' or 'entirely frivolous' as to be manifestly outside federal jurisdiction" (quoting Lovern v. Edwards, 190 F.3d 648, 656 (4th Cir. 1999))); Davis v. Pak, 856 F.2d 648, 652 (4th Cir. 1988).

Alternatively, to the extent Siler-El's claims rely on assertions of fraud, he fails to plead them with the requisite particularity required by Federal Rule of Civil Procedure 9(b). Procedurally, a failure to comply with Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999). To meet the requirements of Rule 9(b), a plaintiff must sufficiently describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (quoting Harrison, 176 F.3d at 784). This minimum factual description is "often referred to as the who, what, when, where,

5

and how of the alleged fraud." Id. (citation and internal quotation marks omitted). Siler-El's failure to plead these facts requires dismissal.

Siler-El's other bald statutory citations fail to allege a basis for a claim. "Federal jurisdiction may not be premised on the mere citation of federal statutes." Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Moreover, none of the statutes he cites provides a right of action in this case. Title 28, section 453, of the U.S. Code merely sets forth the oath of federal judges. Title 28, section 3002(15), of the U.S. Code defines the United States to mean "(A) a Federal corporation; (B) an agency, department, commission, board, or other entity of the United States; or (C) an instrumentality of the United States." Title 28, section 1746, of the U.S. Code sets out the requirements for unsworn declarations under penalty of perjury. And Title 31, section 3123, of the U.S. Code sets out the provision for the payment of United States debts and obligations.

Having reviewed all of Siler-El's filings carefully, the court finds no cognizable claim in this case. This action is frivolous and diverts the attention of this court from other legitimate business. Even though Siler-El proceeds pro se, he is nevertheless bound by the Federal Rules of Civil Procedure, including Rule 11, which requires that his claims be "warranted by

6

existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).  Because Siler-El has previously filed a similar action alleging some of the same meritless claims against two of the same parties, he is warned that further frivolous lawsuits, including those based on the same claims the court has held are not cognizable, may be addressed with sanctions under Federal Rule of Civil Procedure 11(c)(3).

## II. CONCLUSION

For all these reasons,

IT IS ORDERED that the motions to dismiss of each of the Defendants (Docs. 12, 15, and 20) are GRANTED and this action is DISMISSED.  This renders the resolution of Siler-El's motion for summary judgment (Doc. 30), which the Magistrate Judge recommended be denied for failure to follow Local Rule 7.3, MOOT.

        /s/   Thomas D. Schroeder
      United States District Judge

May 1, 2023